IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JACOB GALLOWAY | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 2:19-cv-76-KS-MTP |
| SANDERSON FARMS, INC. | DEFENDANT |

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Compel Discovery Responses [21]. Defendant served its First Set of Interrogatories and Request for Production on October 18, 2019. *See* [18], [19]. On December 19, 2019, Defendant received responses from Plaintiff, but Defendant argues that the responses were incomplete and unsigned. The Court then held a telephonic discovery conference with the parties on January 10, 2020 to address the outstanding discovery. *See* Minute Entry, January 10, 2020. The conflict was not resolved, and the Court granted Defendant leave to file a discovery motion starting January 15, 2020. *See* Text Only Order, January 10, 2020.

Defendant filed the instant Motion on January 21, 2020. Plaintiff filed his Response [28] on February 11, 2020 representing that he had supplemented his discovery responses. In its Reply [35], however, Defendant argues that a number of Plaintiff's discovery responses remain insufficient. Some disputes were resolved by the February 11 supplementation; the Court will only address the remaining disputes.

The Court applies the standard set forth in Federal Rule of Civil 26(b)(1) which allows for discovery of material that is relevant, proportional to the needs of the case, and non-privileged. Discovery is "to be accorded a broad and liberal treatment to effect [its] purpose[] of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and

delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). These disputes are left to the discretion of the trial court. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). Having carefully considered the Motion and the other submissions, the Court now considers the disputes still at issue, as identified by Defendant's Reply [35]. The Court rules as follows:

*Disputed Interrogatories*

**Interrogatory No. 8**: Describe in detail your employment since June 2017, including but not limited to all efforts taken on your part to seek employment; a list of each and every job you applied for and the date of application; the reason why you were not hired for any jobs for which you applied; the rate of pay for all jobs for which you were hired; the hours you worked per week for all jobs for which you were hired; the dates of employment for all jobs for which you were hired.

Plaintiff has supplemented his answer to this interrogatory, but Defendant maintains it is deficient. This information is plainly relevant as Plaintiff has brought a claim under the Family and Medical Leave Act ("FMLA") and includes lost wages in his calculation of damages. Plaintiff's efforts to mitigate his damages are also relevant.

The Court finds that Plaintiff should again supplement his response regarding this interrogatory. Plaintiff shall include the dates of his employment with other companies and his rate of pay, as requested by the interrogatory.

The response is also confusing as to what online services Plaintiff utilized to look for work. Plaintiff stated that he used a website called "Clind 360" to browse and apply for pilot positions but Defendant submits that no such website exists, and Plaintiff is actually referring to "Climb to 350." Plaintiff also represents that he used profiles with PilotCredentials.com and AirlineApps.com to search for jobs, and that he will log into these accounts at his deposition for defense counsel to inspect.

The Court agrees that this response remains incomplete and Plaintiff has offered no explanation as to why this information has not been produced in the four months since this discovery request was propounded. Plaintiff shall supplement this response to address each subpart of the interrogatory. Additionally, Plaintiff shall provide all relevant information from Airline App.com and PilotCredentials.com prior to his deposition. The Motion to Compel [21] is granted as to Interrogatory No. 8.

**Interrogatory No. 11**: Identify all social media accounts (including but not limited to Facebook, Instagram, Twitter, LinkedIn, Snapchat, Marco Polo, YouTube, Tumbler, Pinterest, Google+) that you have had for the last five (5) years to the present.

Plaintiff objects to this interrogatory on the ground that it will not lead to the discovery of relevant information but did provide that he had a Facebook account and previously used LinkedIn. Defendant submits that it is entitled to this information because it may lead to the discovery of individuals who have knowledge of Plaintiff's claims, information relating to potential FMLA abuse, and Plaintiff's efforts to mitigate his alleged wage loss.

Certain information on Plaintiff's social media pages may be relevant to issues in this case regarding Plaintiff's FMLA claim and his efforts to find other employment. Plaintiff is directed to specifically identify his Facebook and LinkedIn accounts. The Motion to Compel [21] is granted as to Interrogatory No. 11.

**Interrogatory No. 14**: Identify all FAA type-ratings you have obtained, the date on which you obtained those type ratings, and the payor source of those ratings.

Plaintiff supplemented his response and identified his FAA ratings and FAA license. Plaintiff did not identify who paid for these ratings and represents that he does not understand the term "payor source." Defendant submits that it simply wants to discover who or what entity paid for the cost associated with obtaining the FAA rating. This information relates to Plaintiff's previous and current employment and is relevant. Plaintiff shall supplement and explain how his

3

FAA rating was obtained, who paid for the rating, and identify the person or entity who paid for any costs associated with obtaining the rating. The Motion to Compel [21] is granted as to Interrogatory No. 14.[1]

*Disputed Requests for Production*

**Request for Production No. 6**: Produce copies of all applications for employment and other documentation relating to your efforts to find employment since June 2017.

Plaintiff responded to this request by again referencing "Clind 360" and by producing emails to and from several companies relating to his search for employment. He represented that he is still looking for other emails and will produce them if found. The time for Plaintiff to conduct a thorough review of his emails has long since passed and that search must be completed immediately.

Documents relating to Plaintiff's efforts to obtain employment since June 2017 are relevant and should not be burdensome to produce. Plaintiff is directed to produce every responsive email and employment application in his possession and definitively represent that he has produced the responsive documents in his supplemental response. The Motion to Compel [21] is granted as to Request for Production No. 6.

---

[1] In its Reply, Defendant also argues that Plaintiff's response to Interrogatory No. 2 is deficient. Yet, Defendant acknowledges that Interrogatory No. 2 was not included in the Motion to Compel [21] and is only mentioned for the first time in the Reply. "Arguments raised for the first time in a reply brief are generally waived." *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Therefore, because questions about the completeness of Interrogatory No. 2 were not raised until the Reply, the Court will not address arguments relating to Interrogatory No. 2 in this Order.

**Request for Production No. 8**: Produce all electronically stored information, including but not limited to, emails and text messages, related in any way to the claims and/or defenses in this matter.

Plaintiff has now produced one text message from June 5, 2017 and a handful of emails. Defendant argues that this cannot possibly represent all of the documents in Plaintiff's custody or control that relate to this request.

Plaintiff is directed to produce all emails, text messages, and flight log information relating to his FMLA leave, his termination from Sanderson Farms, and his attempts to seek employment after his termination. If he has already produced every document in his possession, control, or custody that fits this description, he shall state such to Defendant in his supplemental response. The Motion to Compel [21] is granted as to Request for Production No. 8.

**Request for Production No. 10**: Produce all documents related in any way to all flight(s) in 2017, while you were on FMLA leave in 2017.

Plaintiff represents that he has no documents in his possession relating to the flights he took while on FMLA leave and he does not "believe" he recorded those flights in his personal logbook. Plaintiff did, however, provide a list of the flights he took while on FMLA leave. Defendant again argues that this response is deficient and seeks any financial information relating to how Plaintiff was compensated for these flights or correspondence, through email or text messages, explaining how the flights were arranged.

The Court finds that any such documents would be highly relevant to the case, as they would demonstrate what activities Plaintiff was involved in while on FMLA leave. Plaintiff is directed to produce his personal logbook for the period he was on FMLA leave, any financial documents relating to work he performed while on FMLA leave, and any communications regarding this work. If no such documents exist, he shall plainly state such to Defendant in his

supplemental response.  The Motion to Compel [21] is granted as to Request for Production No. 10.

**Request for Production No. 13**: Produce all photographs, videos, and/or social media posts within your possession, care, custody or control documenting any activities you engaged in between January 2017 and June 2017.

Plaintiff objected to this request on the grounds that it is too broad and will not lead to the discovery of relevant information.  Plaintiff then supplemented his response and stated that he does not have any photographs or videos from this time period, but Defendant was welcome to view his Facebook page.  Defendant argues that this response is deficient and that photos and videos on social media may be relevant to the issues in this case.

Information on social networking websites is "discoverable when it is relevant and proportional to the needs of the case." *O'Malley v. Pub. Belt R.R. Comm'n for City of New Orleans*, 2018 WL 733227, at *2 (E.D. La. Feb. 6, 2018).  Yet, this does not mean that a defendant is entitled to "unfettered access to a plaintiff's social media networking sites that he or she has limited from public view." *Id*. (quoting *Johnson v. PPI Tech Serv. L.P.*, 2013 WL 4508128, at *2 (E.D. La. Aug. 22, 2013)).  Here the request is limited in time, and Plaintiff does not maintain that the request would lead to undue burden or expense.  The Motion to Compel [21] is granted as to Request for Production No. 13.[2]

IT IS, THEREFORE, ORDERED that Defendant's Motion to Compel [21] is GRANTED as to the remaining disputed responses, as set forth above.  Plaintiff shall supplement his responses as directed by this Order on or before February 27, 2020.  The Court defers ruling on

---

[2] Defendant also argues that Plaintiff has not sufficiently responded to Request for Production No. 14.  This issue was not raised in the Motion [21] and is only argued for the first time in the Reply.  Therefore, the Court will not address this dispute.

Defendant's demand for attorney's fees and expenses pending Plaintiff's compliance with this Order.

SO ORDERED, this the 24th day of February, 2020.

s/Michael T. Parker<br>United States Magistrate Judge