# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JACOB GALLOWAY**                                                                                               **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:19-CV-76-KS-MTP**

**SANDERSON FARMS, INC.**                                                               **DEFENDANT**

## ORDER

On February 11, 2020, Defendant filed a Motion to Enforce Settlement Agreement [24]. For the reasons below, the Court **denies** the motion.

### A. *Background*

Plaintiff filed this lawsuit alleging that Defendant interfered with his rights under the Family and Medical Leave Act and retaliated against him for exercising those rights. On January 21, 2020, Plaintiff's counsel asked Defendant's counsel if Defendant would agree to Plaintiff's voluntary dismissal of the case, with both sides to pay their own costs. Exhibit 1 to Motion to Enforce Settlement at 1, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Feb. 11, 2020), ECF No. 25-1. According to Defendant's counsel, he responded "that Sanderson Farms would agree to a dismissal," and that he "would confirm the Defendant's willingness to forego fees and expenses with its general counsel (who was out of the office the following week)." *Id.*

Plaintiff's counsel claims that Defendant's counsel "said he would check with his client," because he did "not know about the costs because [his] client sometimes

gets funny about some things." Exhibit A to Response at 1, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Mar. 2, 2020), ECF No. 44-1. According to Plaintiff's counsel, Defendant's counsel said "that it might take time to get an answer because Sanderson Farms is a big company and decisions sometimes take time." *Id.* Plaintiff's counsel denies that he agreed to leave the offer open while Defendant reached a decision. *Id.*

Plaintiff's counsel later confirmed the settlement offer by sending an e-mail to Defendant's counsel that said: "Please advise if you can agree to a voluntary dismissal under Rule 41 with both sides to pay their own costs and expenses." Exhibit B to Response, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Mar. 2, 2020), ECF No. 44-2.

The next day, Plaintiff's counsel sent another e-mail to Defendant's counsel, which stated: "My email was not an offer to dismiss. If you construed it as an offer, it is withdrawn. Please be advised that Jacob may continue with the case. I will let you know." Exhibit C to Response, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Mar. 2, 2020), ECF No. 44-3. One week later, Defendant's counsel "obtained Sanderson Farms' consent to the . . . settlement agreement . . . ." Exhibit A [25-1], at 2.

**B.     *Discussion***

"Compromises of disputed claims are favored by the courts." *Cia Anon Venezolana De Navegacion v. Harris*, 374 F.2d 33, 35 (5th Cir. 1967). Therefore,

2

"[f]ederal courts have held under a great variety of circumstances that a settlement agreement once entered into cannot be repudiated by either party and will be summarily enforced." *Id.* "A settlement agreement is a contract . . . ," and, therefore, the Court interprets and enforces it "by reference to state substantive law governing contracts generally." *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). "For example, challenges to a settlement agreement based on interpretation of an ambiguous term, capacity to contract, fraud, or indefiniteness of a term all turn on the applicable state law." *Id.*

The present dispute presents a basic question of offer and acceptance. Defendant claims that Plaintiff made a settlement offer and agreed to hold the offer open for a window of time, and that Defendant then accepted the offer during that window. Plaintiff claims that he did not agree to hold the offer open, and that he rescinded the offer before Defendant accepted it.

The Court agrees with Plaintiff: there was no settlement agreement because Plaintiff rescinded the offer before Defendant accepted it. "A valid, enforceable contract requires an offer, acceptance of the offer, and consideration." *Heritage Bldg. Property, LLC v. Prime Income Asset Mgmt., Inc.*, 43 So. 3d 1138, 1143 (Miss. Ct. App. 2009). First, Defendant did not accept the offer when it was made. Rather, Defendant's counsel said he had to check with general counsel. Exhibit 1 [25-1], at 1. Second, although Defendant represented in briefing that it was "understood [the offer] was going to remain open," Defendant has not provided any evidence to support

this representation. Indeed, Defendant's counsel, in their declarations, conspicuously omitted any claim that Plaintiff's counsel agreed to hold the offer open. Exhibit 1 [25-1], at 1; Exhibit 3 to Motion to Enforce Settlement at 1, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Feb. 11, 2020), ECF No. 25-3.

## C.  *Conclusion*

For these reasons, the Court concludes that there was no settlement agreement. Therefore, the Court **denies** Defendant's Motion to Enforce Settlement Agreement [24].

SO ORDERED AND ADJUDGED this 18th day of March, 2020.

                                                /s/     Keith Starrett
                                                    KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE