IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JACOB GALLOWAY**                                                                                    **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 2:19-CV-76-KS-MTP**

**SANDERSON FARMS, INC.**                                                                      **DEFENDANT**

### ORDER

This is an FMLA retaliation case. The Court discussed its background in a previous opinion. *Galloway v. Sanderson Farms, Inc.*, 2020 WL 3697964, at *1 (S.D. Miss. July 6, 2020). The Court previously denied Defendant's Motion for Summary Judgment [48] as to Plaintiff's claims for back pay and liquidated damages. *Id.* at *4-*5. Defendant filed a Motion for Reconsideration [65] as to those issues. For the reasons provided below, the Court **grants the motion in part and denies it in part**.

Defendant argued in its Motion for Summary Judgment [48] that Plaintiff could not recover back pay or liquidated damages because it is undisputed that he committed infractions while on FMLA leave for which Defendant would have fired him if it had known. Specifically, Defendant noted that Plaintiff admitted during discovery that he took flights for another employer for pay while on FMLA leave, and that he hid this fact from Defendant because he knew that it would fire him.

The Court held that there was a genuine dispute of material fact as to whether Defendant would have fired Plaintiff for double-dipping while on FMLA leave because

Defendant knew that Plaintiff had accepted a contract flight for pay, although it did not know that he had actually accepted payment for the flight. *Id.* at *4. In ruling thus, the Court was considering the contract flight Plaintiff performed for Boots Smith. Defendant argues that the Court may have misunderstood the evidence, as its previous argument concerned contract flights Plaintiff performed for Flight Crews Unlimited, rather than Boots Smith.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Defendant's motion was filed within twenty-eight days of the Court's previous opinion, and Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that

2

could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Defendant is correct in its suspicion that the Court misunderstood the evidence. In its previous ruling, the Court only considered the contract flight for Boots Smith. It is undisputed that Plaintiff performed multiple flights for another employer, Flight Crews Unlimited, while on paid FMLA leave a few days after the Boots Smith incident. *See* Exhibit B to Motion for Summary Judgment at 7, 27-29, *Galloway v. Sanderson Farms, Inc.*, No. 2:19-CV-76-KS-MTP (S.D. Miss. Apr. 15, 2020), ECF No. 48-2. Plaintiff admitted that he concealed this work from Defendant because it violated the policy forbidding employees on paid FMLA leave from performing other work for pay, and he would have been fired if Defendant had known. *Id.* at 29-30. Defendant's FMLA Policy provides: "It is Company policy that employees taking leave under this policy for their own serious health condition are prohibited from working for other employers or engaging in any other kind of compensable employment (self-employment; independent contracting). Violation of this policy will result in termination of employment." *Id.* at 104.

3

The FMLA provides that any employer who violates it "shall be liable" to the affected employee for damages including 1) any salary or wages lost because of the violation, 2) interest calculated at the prevailing rate, and 3) "an additional amount of liquidated damages" equal to the amount of salary or wages awarded. 29 U.S.C. § 2617(a)(1)(A). "When there is after-acquired evidence that would justify a plaintiff's termination, front pay and reinstatement are not appropriate remedies, although back pay may be awarded from the date of the unlawful discharge to the date the new information was discovered." *Weeks v. Coury*, 951 F. Supp. 1264, 1274 (S.D. Tex. 1996) (citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 115 S. Ct. 879, 886-87, 130 L. Ed. 2d 852 (1995)). "In order to affect the remedy, the employer must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *Id.* Phrased differently, "the employer seeking to rely upon after-acquired evidence must establish that the plaintiff would have been discharged upon discovery of the after-acquired information in order to justify limitation of the plaintiff's relief." *Id.* (citing *Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1108 (5th Cir. 1995)).

It appears to be undisputed that Defendant would have fired Plaintiff for violating the FMLA policy if it had known that he took the flights for Flight Crews Unlimited. Therefore, the Court grants Defendant's Motion for Reconsideration [65] insofar as Defendant seeks a limitation on Plaintiff's potential back pay award. If the

4

jury finds in Plaintiff's favor as to his FMLA claim, Plaintiff may only receive back pay "from the date of the unlawful discharge to the date the new information was discovered." *Weeks*, 951 F. Supp. at 1274.

Defendant asks the Court to bar *any* recovery of back pay. The Court can not do so. The Supreme Court explicitly rejected an "absolute rule barring any recovery of backpay" because it would undermine the policy objectives underlying the statute. *McKennon*, 513 U.S. at 362. The Court noted: "Equity's maxim that a suitor who engaged in his own reprehensible conduct in the course of the transaction at issue must be denied equitable relief because of unclean hands . . . has not been applied where Congress authorizes broad equitable relief to serve important national policies." *Id.* at 360.

Defendant contends that this ruling was just a "beginning point," and that the Supreme Court intended for trial courts to exercise their discretion and consider "equitable circumstances that affect the legitimate interests of either party." *Id.* at 362. Defendant may be right. The Supreme Court noted: "The proper boundaries of remedial relief in the general class of cases where, after termination, it is discovered that the employee has engaged in wrongdoing must be addressed by the judicial system in the ordinary course of further decisions, for the factual permutations and the equitable considerations they raise will vary from case to case." *Id.*

However, several factors counsel against this Court straying from the general rule established in *McKennon* regarding after-acquired evidence of employee

wrongdoing. First, if the employer didn't know about the employee's wrongdoing at the time of the retaliatory conduct, the employer's motivation was still retaliatory, regardless of how unclean the employee's hands were. Second, as the Supreme Court noted, there is substantial case law declining to apply equitable principles such as "unclean hands" where doing so would subvert a legitimate and important Congressional policy objective. Third, Defendant has not cited a single case in which a federal court applied the after-acquired evidence rule to bar recovery of all back pay. Rather, Defendant relies on general equitable principles divorced from any relevant context. Finally, creating exceptions to judicial doctrines established by the Supreme Court is above this trial judge's pay grade. The undersigned judge may believe that a rule is wrong or that the result in a case is unjust, but a trial judge's job is to apply the law as it is written by the legislature and higher courts. If Defendant wants an exception to *McKennon*'s general rule, it can ask the Fifth Circuit, should the opportunity arise.

Defendant also argues that the Court should bar any recovery of liquidated damages. The FMLA provides that an employer who violates it "shall be liable" for "an additional amount of liquidated damages" equal to the amount of salary or wages awarded. 29 U.S.C. § 2617(a)(1)(A). Defendant argues that the Court must, therefore, bar any recovery of liquidated damages because Plaintiff is not entitled to any back pay. The Court has declined to bar any recovery of back pay, opting, rather, to limit it as provided in *McKennon*. Therefore, liquidated damages are still on the table.

SO ORDERED AND ADJUDGED this 17th day of August, 2020.

        /s/     Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE